UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN I. SHERMAN,<br>        Plaintiff.<br><br>    v.<br><br>SZE-YAU DEREK YIU,<br>        Defendant. | Case No. 15-cv-00275-NC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

The Court issues this order on its own motion, to address concerns regarding the apparent lack of subject matter jurisdiction. Plaintiff Alan I. Sherman initiated this unlawful detainer action against defendant Sze-Yau Derek Yiu in the Superior Court of California, County of Santa Clara. See Dkt. No. 1. Defendant Yiu, proceeding pro se, removed the case to this Court. *Id.* While the notice of removal asserts that removal is proper based on federal question jurisdiction, there appears to be no basis for this Court's jurisdiction. The Court orders Yiu to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

## I.   DISCUSSION

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks

subject matter jurisdiction." *Id.* § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that section 1447(c) permits a district court to remand on its own motion for lack of subject matter jurisdiction). In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). Where doubt exists regarding the right to remove an action, it should be resolved in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### A.   Federal Question Jurisdiction

Yiu's contention that the Court has federal question jurisdiction over this unlawful detainer action lacks merit. District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Marinduque*, 582 F.3d at 1091.

Here, the operative complaint alleges an unlawful detainer claim under California, not federal law. *See* Dkt. No. 1 at 6-8. The notice of removal states that the Court has subject matter jurisdiction because the lawsuit involves a federal question. Yiu asserts that a "[f]ederal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law." *Id.* at 2, ¶ 10.

This statement concerning Yiu's answer in the unlawful detainer action

1  cannot create a federal question for the purposes of removal. "[T]he federal
2  question on which jurisdiction is premised cannot be supplied via a defense; rather,
3  the federal question must 'be disclosed upon the face of the complaint, unaided by
4  the answer.'" *Marinduque*, 582 F.3d at 1086 (citation omitted). Sherman's
5  unlawful detainer complaint does not raise a federal question.

### B. Diversity Jurisdiction

The notice of removal here does not appear to assert that removal is proper based on diversity. In any event, the essential elements of diversity jurisdiction appear to be lacking. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizen of a State or of different States." 28 U.S.C. § 1332.

"Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A natural person's state citizenship is determined by her state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return . . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

The notice of removal and the attached unlawful detainer complaint in this case fail to indicate that Yiu and Sherman are citizens of different states. If Yiu contends that the Court has diversity jurisdiction over this action, he must properly identify the citizenship of both Yiu and Sherman. Additionally, Yiu must show that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods*

1 *Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007) (explaining the different burdens of
2 proof that could apply to this showing depending on the circumstances).

## II. CONCLUSION

The Court orders Yiu to show cause in writing by February 9, 2015, why this case should not be remanded to state court for lack of subject matter jurisdiction. If Yiu fails to respond to the order to show cause by February 9, 2015, the Court will remand this action to state court. Both Yiu and Sherman are reminded that they must either file written consent to the jurisdiction of a magistrate judge, or request reassignment to a district judge, by March 25, 2015, the deadline for filing the initial case management conference statement. *See* Civ. L.R. 73-1(a)(1).

For additional guidance, Yiu may refer to the Court's Pro Se Handbook, available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or contact the Federal Legal Assistance Self-Help Center (FLASH), which provides information and limited-scope legal advice to pro se litigants in civil cases. FLASH requires an appointment, which can be made by calling 408-998-5298, ext. 311.

**IT IS SO ORDERED.**

Dated: January 26, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge